Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000944
30-MAR-2017
08:09 AM

NO. CAAP-15-0000944

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME
LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
SERVICING LP, Plaintiff-Appellee, v. BRIAN SHIGEMI
MIYAKE, Defendant-Appellant, and MILILANI TOWN
ASSOCIATION, Defendant-Appellee, and JOHN DOES 1-
50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0676)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Brian Shigemi Miyake (Miyake)
appeals from the "Findings of Fact and Conclusions of Law; Order
Granting Plaintiff's Motion for Summary Judgment and for
Interlocutory Decree of Foreclosure Filed February 21, 2014" and
the "Judgment" entered on November 18, 2015 by the Circuit Court
of the First Circuit (Circuit Court).[1]

On appeal, Miyake alleges that the Circuit Court erred
in granting summary judgment in favor of Plaintiff-Appellee Bank
of America, N.A., Successor by Merger to BAC Home Loans
Servicing, LP formerly known as Countrywide Home Loans Servicing
LP (Bank of America) because (1) a genuine issue of material fact
remained as to whether Bank of America had standing to foreclose
on the subject mortgage and (2) the Circuit Court should have

_____

[1] The Honorable Bert I. Ayabe presided.

given Miyake more time to conduct discovery pursuant to Hawai'i Rules of Civil Procedure Rule 56(f).

After due consideration of the point raised, the parties' arguments, the record on appeal, and applicable legal authorities we resolve Miyake's points on appeal as follows.

The Hawai'i Supreme Court recently reiterated that "[i]n order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Bank of America, N.A. v. Reyes-Toledo, __ Hawai'i __, __ P.3d __, No. SCWC-15-0000005, 2017 WL 772603 at *4 (Feb. 28, 2017). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. "A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id., at *5 (brackets omitted) (quoting Mottl v. Miyahira, 96 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, at *5. A plaintiff who does not have standing to enforce the note that has been defaulted on also does not have standing to foreclose on the mortgaged property. See id., at *5.

Like the foreclosing bank in Reyes-Toledo, Bank of America attached two documents to its motion for summary judgment to demonstrate that it possessed the subject Note: (1) a declaration of Lisa K. Townsend-Brown (Townsend-Brown), whereby Townsend-Brown declared that Bank of America, "directly or through an agent, has possession of the promissory note" and (2) the Note, which was indorsed in blank. Neither document establishes Bank of America had possession of the Note at the commencement of this action. Because Bank of America failed to meet its burden of demonstrating that it was entitled to judgment

as a matter of law, the Circuit Court erred in granting Bank of America's motion for summary judgment.  See Reyes-Toledo, at *7.[2]

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed February 21, 2014" and "Judgment" both entered on November 18, 2015 by the Circuit Court of the First Circuit are vacated and this case is remanded for further proceedings.

DATED:  Honolulu, Hawai'i, March 30, 2017.

On the briefs:

Gary Victor Dubin and
Richard T. Forrester,
for Defendant-Appellant.

Presiding Judge

David B. Rosen,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[2]     Because we hold that the Circuit Court erred in granting Bank of America's motion for summary judgment, we need not address Miyake's remaining point on appeal.

3